IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| David Pounds,<br>    Plaintiff,<br><br>v.<br><br>Sheriff J. R. Newhart,<br>    Defendant. | )<br>)<br>)<br>)    1:12cv256 (LO/IDD)<br>)<br>)<br>) |

MEMORANDUM OPINION AND ORDER

David Pounds, a Virginia inmate proceeding pro se, has filed a civil rights action, pursuant to 42 U.S.C. § 1983, seeking transfer from his current place of confinement to a Virginia Department of Corrections ("VDOC") facility. Plaintiff has neither paid the statutory filing fee nor applied to proceed in forma pauperis in this action. After reviewing plaintiff's complaint, the claims against defendants must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.[1]

I.

---

[1] Section 1915A provides:

    (a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

    (b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
        (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
        (2) seeks monetary relief from a defendant who is immune from such relief.

Plaintiff alleges that he was convicted on unspecified charges on February 28, 2008, and committed to the custody of the Virginia Department of Corrections ("VDOC"). However, plaintiff continues to be held at the Chesapeake City Jail, a situation which allegedly violates his rights to due process and to be free of cruel and unusual punishment. Plaintiff alleges that as a result of this placement, he has been denied his rights to visit with his daughter and to have "proper recreation." This in turn has resulted in mental depression and constant frustration, which has led plaintiff to engage in "many altercations (fist fights)" and to receive many "trips to the hole (segregation)." Plaintiff also complains that he is forced to pay $ 1.50 per day for housing, which he feels is wrong because he became a "ward" of VDOC on the day he was sentenced. Plaintiff states that "countless" other inmates have been transferred to VDOC in a more expeditious manner, and he asserts that he is "being treated different than other inmates in transit." Plaintiff seeks injunctive relief in the form of an order directing his transfer to a VDOC institution.

## II.

In reviewing a complaint pursuant to § 1915A, a court must dismiss a prisoner complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1). Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998). Thus, the alleged facts are presumed true, and the complaint should be dismissed only when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). To survive a 12(b)(6) motion, "a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ----, ----, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard, id., and a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level...". Twombly, 550 U.S. at 55. Moreover, a court "is not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 129 S. Ct. at 1949-1950.

### III.

Plaintiff fails to state a claim for which he can receive relief under § 1983. Plaintiff has no enforceable right to be housed or not to be housed at any particular correctional facility. A prisoner has no constitutional right to select a particular correctional facility for his placement or to be transferred to a different facility upon request. Olim v. Wakinekona, 461 U.S. 238 (1983); Meachum v. Fano, 427 U.S. 215 (1976). A prisoner has no due process interest in his placement at a particular prison, nor does the Constitution "guarantee that the convicted prisoner will be placed in any particular prison." Meachum, 427 U.S. at 223-25; see also, Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976). Since the sole relief plaintiff seeks in this lawsuit is an order directing that he be transferred to a VDOC institution, he fails to state a claim for which federal relief can be granted.

Moreover, even if plaintiff were allowed an opportunity to amend his complaint to request an alternate form of relief, his claim would still be subject to dismissal. Plaintiff alleges

that the harm he suffers from his continued confinement in a local jail is the inability to visit with his daughter or to have "proper" recreation. As to the former, it is well established that a prisoner has no direct constitutional right to visitation. See, e.g., Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454, 460-61 (1989) ("The denial of prison access to a particular visitor is well within the terms of confinement ordinarily contemplated by a prison sentence, therefore is not independently protected by the Due Process Clause."). Courts that have also have concluded that there exists no liberty interest in visitation while incarcerated which is adequate to trigger the due process protections of the Fourteenth Amendment. See, e.g., Stevens v. Robles, 2008 WL 667407 at **6-7 (S.D. Cal. Mar. 7, 2008) (prisoners have no right to family visits, either independently protected by the Due Process Clause or as a liberty interest created by state laws or regulations), and cases cited.

As to plaintiff's claim that he has been denied "proper recreation," to establish a claim for cruel and unusual punishment due to conditions of confinement that violate the Eighth Amendment, plaintiff must allege facts sufficient to show (1) an objectively serious deprivation of a basic human need, that is, one causing serious physical or emotional injury, and (2) that prison officials were deliberately indifferent to that need. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294, 198 (1991). Only extreme deprivations will make out an Eighth Amendment claim, and it is plaintiff's burden to allege facts sufficient to show that the risk from the conditions of his confinement was so grave that it violated contemporary notions of decency and resulted in serious or significant physical or emotional injury. Hudson v. McMillian, 503 U.S. 1, 8 (1992); Strickler v. Waters, 989 F.2d 1375, 1379-81 (4th Cir. 1993). In addition, plaintiff must allege facts sufficient to show that defendants were deliberately

indifferent, that is, that they knew of facts from which an inference could be drawn that a "substantial risk of serious harm," was posed to his health and safety, that they drew that inference, and then disregarded the risk posed. Farmer, 511 U.S. at 837.

Under limited circumstances, restricting inmates' opportunities for physical exercise can constitute cruel and unusual punishment in violation of the Eighth Amendment. See, e.g., Kirby v. Blackledge, 530 F.2d 583 (4th Cir. 1976). In deciding whether conditions at a jail are so onerously burdensome as to offend constitutional principles, a court must consider the totality of the circumstances, including the extent to which the restrictions at issue adversely affect the mental or physical health of the inmate. Clay v. Miller, 626 F.2d 345, 347 (4th Cir. 1980). Where there is no indication that a prisoner's mental or physical health has been compromised by the restriction he challenges, no deprivation of constitutional dimension has been shown. Clay, 626 F.2d at 347 (provision of indoor cell block "bullpen" areas for exercise purposes satisfies minimum constitutional standards); Sostre v. McGinnis, 442 F.2d 178 (2d Cir.), cert. denied sub nom. Sostre v. Oswald, 404 U.S. 1049 (1972) (one hour of exercise per day not unconstitutional). Moreover, "[i]t is well settled that jails may provide space for indoor exercise and recreation as an alternative to outdoor recreational facilities, absent medical evidence demonstrating a need for outdoor exercise." Jones v. Kelly, 900 F.2d 252 (4th Cir. 1990) (table), available at 1990 WL 33936 (4th Cir. Mar. 8, 1990); Jones v. Diamond, 594 F.2d 997 (5th Cir. 1979), cert. denied, 453 U.S. 950 (1981); Richard v. Reed, 49 F.Supp.2d 485 (E.D. Va. 1999) (finding that 100 days without exposure to fresh air or sunlight is not constitutionally significant).

In this case, plaintiff makes no allegations whatever of having personally suffered any serious physical or mental harm as the result of not being taken outside for exercise. Aside from

"mere conclusory statements" that the lack of "outdoor elements (sun light, fresh air, freedom of movement even if it is a prison setting)" has caused him to gain weight and to require a "heart healthy" diet, plaintiff makes no allegations that the restriction he challenges has caused him any actual injury. Accordingly, plaintiff fails to "raise a right to relief above the speculative level," Twombly, 550 U.S. at 55, and his claim of denial of "proper" exercise opportunities fails to demonstrate an Eight Amendment violation. See Joyce v. Thomas, 2007 WL 1447902 at *1 (W.D. Va. 2007) (prisoner's contention that three months without outside recreation time "by no means" stated an Eighth Amendment claim where plaintiff asserted that his mental health required him to see "the light of day" but failed to allege any actual injury or harm).

Plaintiff's allegations concerning the daily fee he must pay for his housing fare no better. In Slade v. Hodge, 407 F.3d 243, 251 - 52 (4th Cir. 2005), the Fourth Circuit held that the policy of the Hampton Roads Regional Jail to charge detainees $ 1.00 per day to help defray their housing costs did not amount to punishment and so did not violate their due process rights. In Priest v. Hodge, 2008 WL 5501114 at * 3 (E.D. Va. Feb. 29, 2008) (Lee, J.), aff'd, 294 Fed. App'x (4th Cir. Sept. 29, 2008), it was recognized that a claim of a due process violation predicated on the imposition of a daily room and board fee was foreclosed by Slade. Therefore, plaintiff's allegations with regard to the $ 1.50 he must pay each day for his housing states no claim of constitutional dimension.

Lastly, read very broadly, plaintiff's allegation that "countless" other inmates have been transferred to VDOC custody while he remains confined at a local jail may be intended to raise a claim that plaintiff's right to equal protection has been violated. To bring an equal protection claim, a prisoner must plead sufficient facts to make a threshold showing "that he has been

6

treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." Veney v. Wyche, 293 F.3d 726, 730-31 (4th Cir. 2002) (quoting Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001)). A plaintiff "must plead sufficient facts to satisfy each requirement." Veney, 293 F.3d at 731. Only after this threshold requirement is satisfied will the Court determine whether the disparate treatment at issue was justified. Id. at 731. "Once this showing is made, the court proceeds to determine whether the disparity in treatment can be justified under the requisite level of scrutiny." Morrison, 239 F.3d at 654. Here, plaintiff alleges only in the most conclusory fashion that other inmates are transferred to VDOC institutions more expeditiously. He does not specify who these other inmates were, nor does he provide meaningful detail to demonstrate that these other prisoners are similarly situated or that the allegedly disparate treatment was the result of discriminatory intent. In short, no threshold showing of an equal protection violation has been made. Cf. Veney, 293 F.3d at 730-31.

Accordingly, it is hereby

ORDERED that this action be and is DISMISSED WITH PREJUDICE for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1); and it is further

ORDERED that plaintiff is advised that, pursuant to 28 U.S.C. § 1915(g),[2] this dismissal

---

[2] 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

may affect his ability to proceed in forma pauperis in future civil actions; and it is further

ORDERED that the Clerk record this dismissal for purposes of the Prison Litigation Reform Act.

To appeal, plaintiff must file a written notice of appeal with the Clerk's Office within thirty (30) days of the date of this Order. See Fed. R. App. P. 4(a). A written notice of appeal is a short statement stating a desire to appeal this Order and noting the date of the Order plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the court.

The Clerk is directed to send of copy of this Order to plaintiff and to close this civil case.

Entered this 13th day of March 2012.

Alexandria, Virginia

/s/
Liam O'Grady
United States District Judge